IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| LATOYA D. WASHINGTON, | ) |
| | ) |
|   Debtor. | ) |
| | ) |
| | ) |
| | ) |
| T&C AUTO SALES, | ) |
| | ) |
|   Appellant, | ) |
| | ) |
|     v. | ) CIVIL ACTION NO. 2:19-cv-447-ECM |
| | ) (WO) |
| LATOYA D. WASHINGTON, | ) |
| | ) |
|   Appellee. | ) |

**MEMORANDUM OPINION and ORDER**

This case is a bankruptcy appeal filed by Cedric Grant, as an agent for T&C Auto Sales. Grant is proceeding pro se. (Doc. 1-1). On June 18, 2019, T&C Auto Sales filed a a notice of appeal in the United States Bankruptcy Court for the Middle District of Alabama. (Doc.1-1). T&C Auto Sales purports to appeal orders of the Bankruptcy Court denying a motion to continue (doc. 1-2) and an order of contempt (doc. 1-3) in which the Bankruptcy Court ordered T&C Auto Sales to "either turn over the vehicle [at issue] to the Debtor or pay $5,100 to Debtor." (*Id.*). On July 12, 2019, Appellee/Debtor, LaToya Washington, filed a motion to dismiss the appeal for lack of jurisdiction (doc. 2).

Federal Rules of Bankruptcy Procedure 8002(a)(1) requires that "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed. FED.R.BANKR. 8002(a)(1). The rules further provide that a "[j]udgment, order, or decree is entered for purposes of this Rule … when it is entered in the docket under Rule 5003(a)." FED.R.BANKR. 8002(a)(1)(5)(A)(i).

> The Supreme Court has emphasized that the timely filing of a notice of appeal is "mandatory and jurisdictional." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 61, 103 S.Ct. 400, 403, 74 L.Ed.2d 225 (1982). If the notice is not timely filed, the appellate court is without jurisdiction to hear the appeal. *Pinson v. Dow Chem., U.S.A.*, 928 F.2d 1522, 1525, (11th Cir.) *cert. denied*, 502 U.S. 968, 112 S.Ct.438, 116 L.Ed.2d 457 (1991).

*Advanced Estimating Sys., Inc. v. Riney*, 77 F.3d 1322, 1323 (11th Cir. 1996). *See also In re Ocean Warrior, Inc.*, 835 F.3d 1310, 1318 (11th Cir. 2016) ("The timely filing of a notice of appeal 'is jurisdictional.'") (quoting *In re Williams*, 216 F.3d 1295, 1298 (11th Cir. 2000)); *In re Bailey*, 521 F. App'x 920, 921 (1lth Cir. 2013) ("Timely filing a notice of appeal is mandatory and jurisdictional, and an appellate court lacks jurisdiction to hear an appeal if the notice is not timely filed.").[1]

On June 3, 2019, the Bankruptcy Court entered into the docket orders denying a motion to continue hearing and granting a motion for contempt. (Doc. 1-2, 1-3, & 1-4). Under Rule 8002(a)(1), T&C Auto Sales had until June 17, 2019, to file a timely notice of appeal. T&C Auto Sales filed its notice of appeal on June 19, 2019, two days after the deadline expired. (Doc. 1-4). After being given an opportunity (doc. 3), T&C Auto Sales

---

[1] Although the Bankruptcy Court may, under certain circumstances, "extend the time for filing a notice of appeal 'upon a showing of excusable neglect,'" the Appellant has made no such argument here. *In re Bailey*, 521 F. App'x at 921.

filed nothing in opposition to the Appellee's motion to dismiss. T&C Auto Sales offered no explanation for the late filing of the notice of appeal.  Accordingly, upon consideration of the motion to dismiss for lack of jurisdiction (doc. 2), and for good cause, it is

ORDERED that the motion to dismiss (doc. 2) is GRANTED, and this appeal is DISMISSED for lack of jurisdiction.

A separate judgment will be entered.

DONE this 8th day of August, 2019.

                                                  /s/ Emily C. Marks
                                      EMILY C. MARKS
                                      CHIEF UNITED STATES DISTRICT JUDGE